UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BUSH,

                 Plaintiff,           Civil Action No. 20-11893
                                              Honorable Stephen J. Murphy, III
     v.                                Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                 Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2)**

**I.**      **REPORT**

On July 12, 2020, Plaintiff Thomas Bush ("Bush") filed his Complaint for Judicial Review of a social security decision and an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF Nos. 1, 2). On July 13, 2020, this case was referred to the undersigned for all pretrial purposes. (ECF No. 3).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees ("*in forma pauperis*" or "IFP") provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay for the costs of litigation and still provide for himself and his family the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Proceeding IFP

is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

"To determine whether to grant an IFP application, the court considers the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any)." *Hawkins v. Comm'r of Soc. Sec.*, No. 18-12035, 2018 WL 4630200, at *1 (E.D. Mich. July 10, 2018); *see also Carroll v. Onemain Fin. Inc.*, No. 14-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (federal courts consider not only an IFP applicant's personal income, but also "his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members") (internal quotations omitted).

Having examined Bush's application, the Court concludes that his claim of financial hardship is not sufficiently supported to warrant granting IFP relief. Bush indicates that he is "retired, disable[d]" but he also indicates that he receives net monthly income of $4,614.60 from two pensions ($2,149.60 a month) and social security benefits for he and his wife ($2,465.00 a month). (ECF No.2, PageID.4). He also has a savings account with $2,000.00 in it; owns three boats (worth $6,100.00 collectively); and has a timeshare valued at $10,000. (ECF No.2, PageID.5). Bush also owns a home, although he fails to indicate its value. (*Id.*). The monthly payments Bush makes on his liabilities amount to about half of his net monthly income. (*Id.*)

Bush's income and assets exceed the levels that would suggest an inability to pay the filing fee in this case. Indeed, adequate financial ability has been found, and thus IFP

applications denied, where the applicant's income and assets were far less than those shown in Bush's application. *See, e.g., Powell v. Harris*, No. 1:08-CV-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Caputo v. Comm'r of Soc. Sec.*, No. 19-12424, 2019 WL 5680578, at *1 (E.D. Mich. Sept. 9, 2019) (denying IFP application where although plaintiff was unemployed, he had savings of $15,000.00 and was part-owner of a home).

## II.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Bush's Application to Proceed in District Court Without Prepaying Fees or Costs (**ECF No. 2**) be **DENIED**, and that Bush be **INSTRUCTED** to pay the appropriate filing fee if he wishes to further pursue this action.

Dated: July 14, 2020                                   s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                               United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).   Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager